Case 3:21-cv-00190   Document 19   Filed on 06/30/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LESLIE DARLENE MERCADO, § § | |
| Plaintiff. § § | |
| VS. § | CIVIL ACTION NO. 3:21-cv-00190 |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

Plaintiff Leslie Darlene Mercado ("Mercado") seeks judicial review of an administrative decision denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Mercado and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 15 and 16. After reviewing the briefing, the record, and the applicable law, Mercado's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**. This case is remanded to the Social Security Administration for further proceedings.

## BACKGROUND

Mercado filed applications for disability insurance benefits under Title II of the Act on December 4, 2015, alleging disability beginning on May 5, 2015. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Mercado was not disabled. Mercado filed an appeal with the Appeals Council. The Appeals Council vacated the ALJ's decision and remanded the case for further consideration based on Mercado's argument that the ALJ's appointment was constitutionally deficient. *See* Dkt. 9-5 at 48. A new ALJ reconsidered Mercado's claim on remand and again

found that she was not disabled. Mercado then filed another appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4)

> whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Mercado had not engaged in substantial gainful activity since May 5, 2015. *See* Dkt. 9-3 at 13.

The ALJ found at Step 2 that Mercado suffered from "the following severe impairments: migraine headaches, obesity, cervical spine pain, osteoarthritis of the knees, hypothyroidism, depression, and anxiety." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Mercado's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is limited to ground level work only; no climbing of ladders, ropes, or scaffolds. No unprotected heights, open flames, and no dangerous or moving machinery. The claimant is limited to no kneeling or crawling. She can understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, interact adequately with co-workers, and respond appropriately to changes in a routine work setting. The claimant is limited to occasional contact with supervisor, co-workers, and the

general public. She is not allowed to work fast-paced, strict production, or assembly line work. Work must be goal-oriented without pace, but completed at the end of the shift. She cannot work in excessive heat and no commercial driving.

*Id.* at 17.

At Step 4, the ALJ found that Mercado had no past relevant work.

At Step 5, considering Mercado's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ concluded that Mercado "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." *Id.* at 24. Consequently, the ALJ determined that Mercado was not disabled.

## DISCUSSION

Mercado contends that this matter must be remanded because the ALJ improperly weighed the medical opinion of her treating neurologist, Randolph Evans, M.D. ("Dr. Evans").[1] *See* Dkt. 15-1 at 10. I agree.

Disability claims filed before March 27, 2017, such as the claims in this case, are still subject to the so-called "treating physician rule." Under the treating physician rule, "[a]n ALJ should give controlling weight to the opinion of a treating physician unless there is good cause to discount it. Good cause may exist if the opinion is contrary to other experts and is not supported by the evidence." *McCoy v. Colvin*, No. CV H-14-3041, 2015 WL 12570990, at *2 (S.D. Tex. Dec. 22, 2015). In the absence of good cause, "an ALJ may reject the opinion of a treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in" 20 C.F.R. § 404.1527(c). *Aguilar v. Berryhill*, No. 5:16-CV-900-DAE, 2018 WL 1833246, at *5 (W.D. Tex. Mar. 22, 2018) (cleaned up).

Under 20 C.F.R. § 404.1527(c), the ALJ must evaluate: "(1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination;

---

[1] Mercado makes a few other arguments, but I do not reach them.

(3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; (6) the specialization of the treating physician; and (7) any other considerations." *Bass v. Saul*, No. CV H-19-1525, 2020 WL 3405794, at *10 (S.D. Tex. June 19, 2020) (cleaned up) (citing 20 C.F.R. § 404.1527(c)).

Dr. Evans has served as Mercado's treating neurologist since at least May 2014. *See* Dkt. 9-12 at 17. The administrative record documents that, over the years, Dr. Evans has consistently treated Mercado by prescribing powerful medications for her migraines and administering Botox injections to decrease the frequency of those migraines. In conjunction with Mercado's pursuit of disability benefits, Dr. Evans offered a medical opinion describing the functional limitations that Mercado would experience in a work setting due to her chronic migraines. *See* Dkt. 9-13 at 23–24. As recognized by the ALJ:

> Dr. Evans opined the claimant could frequently sit and stand, but infrequently walk, stoop, and climb. She could lift up to five pounds frequently, lift as much as 20 pounds infrequently, and frequently use her hands for fine and gross manipulation and raise her arms overhead. He further opined the claimant would be off task 70 percent of the workday due to pain, would need to lie down 2 to 4 hours a day, and would miss 5 days of work a month due to migraines.

Dkt. 9-3 at 20. These limitations, if accepted, likely would have resulted in a determination that Mercado is disabled. *See* Dkt. 9-4 at 114–115 (vocational expert testifying that Mercado being off-task more than 20 percent of the time or absent once per month would preclude full-time work). However, the ALJ rejected Dr. Evans's opinion. *See* Dkt. 9-3 at 20.

The ALJ explains that he rejected Dr. Evans's medical opinion for a few reasons. First, the ALJ rejected Dr. Evans's medical opinion that Mercado is unable to work because such a determination is "reserved to the Commissioner." *Id*. I have reviewed the medical opinion, and, in my view, Dr. Evans makes no such

determination. Dr. Evans does not opine that Mercado is disabled; instead, he describes functional limitations that happen to point to a finding of disability.

Next, the ALJ claims that Dr. Evans's medical opinion "is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and [is] inconsistent with the other substantial evidence in the case record." *Id.* The ALJ does not offer any specifics regarding the purported lack of medically acceptable clinical and laboratory diagnostic techniques to substantiate this boilerplate language. Instead, the ALJ attempts to dig into the alleged inconsistencies in the administrative record. Specifically, the ALJ contends that:

> The record shows the claimant only experienced 5 to 7 headaches a month with Botox injections, and headaches were managed with oral medication . . . . The claimant has had migraine[s] since the age of 16 and she has managed to successfully perform substantially gainful activity despite her alleged migraines. Furthermore, the record shows the claimant has reported improvement in her migraines. She participates in water aerobics 3 times a week, and has started doing more activity around the house, including house chores.

*Id.* The problem with these specific examples is that none of them are inconsistent with Dr. Evans's medical opinion.

My review of the administrative record makes clear that when Mercado experiences a migraine, its intensity is significant, and the treating medications take "4 to 5 hours" to provide aid. *Id.* at 18. So, if Mercado experiences five to seven migraines per month, and those migraines strike on a workday, she will be off-task for a significant portion of the workday or possibly even miss five to seven full days of work per month due to migraines—even with medication. This is fully consistent with Dr. Evans's medical opinion. Importantly, as I explained above, either of the limitations related to Mercado's being off-task or missing work a few days a month would affect her ability to work. Further, Mercado's past work history, supposed improvements, and participation in water aerobics have not been quantified in any medical record to mean that Mercado experiences less than five to seven migraines

6

per month, nor do these factors mean her medication usage would result in fewer unworkable days per month. In other words, all the factors mentioned by the ALJ can be true, and Dr. Evans's medical opinion can still also be true.

Boiled down, this is not a clear-cut instance where a physician's medical opinion conflicts with other substantial evidence in the administrative record. Thus, the ALJ's assertion of inconsistency in this case does not amount to good cause for the summary rejection of Dr. Evans's medical opinion.

Because the ALJ did not have good cause to reject Dr. Evans's medical opinion, he was required to conduct the analysis outlined in § 404.1527(c), which he failed to do.

In sum, the ALJ has offered neither good cause for rejecting Dr. Evans's medical opinion nor conducted the analysis required by § 404.1527(c). The ALJ did not apply the correct legal standard, and remand is appropriate.[2] *See Wichman v. Astrue*, 857 F. Supp. 2d 618, 630 (W.D. Tex. 2012) ("When the ALJ fails to use the appropriate legal standard in assessing the opinions of a plaintiff's treating physician, the case must be remanded.").

## CONCLUSION

For the reasons provided above, Mercado's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**. This case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

SIGNED this 30th day of June 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] I decline to award benefits in this case, as requested by Mercado, because the ALJ has not conducted the analysis required by § 404.1527(c). In my view, the Commissioner should do so in the first instance.